UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHIRLEYANN HUGHES,

      Plaintiff,

v.                                            Case No: 6:24-cv-1595-JSS-LHP

USAA CASUALTY INSURANCE
COMPANY,

      Defendant.

_____/

## ORDER

Plaintiff, Shirleyann Hughes, moves to remand this action to state court. (Dkt. 13.) Defendant, USAA Casualty Insurance Company, opposes the motion. (Dkt. 15.) Without seeking leave, Plaintiff filed a reply to Defendant's response. (Dkt. 16.) Upon consideration, for the reasons outlined below, the court grants the motion.

## BACKGROUND

Plaintiff was allegedly injured by a non-party in an automobile accident, an uninsured or underinsured motorist named Jaime Enrique De Leon Quintanilla. (Dkt. 1-1 at 2.)  Plaintiff claims that Defendant waived its subrogation rights as to Quintanilla, (Dkt. 13 at 2; *see* Dkt. 13-1), and that she sued Quintanilla and ultimately settled her claim against him for $50,000.  (Dkt. 13 at 2.)  She also asserts that she received $10,000 from Defendant pursuant to her Personal Injury Protection (PIP) coverage.  (*Id.*)

Plaintiff then sent Defendant a demand letter, demanding the "underinsured motorist policy limits" available under Plaintiff's policy with Defendant—$200,000. (Dkt. 15-1 at 2.)   Plaintiff also indicated in her Civil Remedy Notice of Insurer Violations (CRN) that she made repeated demands for the $200,000 policy limit.  (Dkt. 1-3 at 4.)  Defendant offered to settle the claim for $7,500, and then, in response to supplemental medical records and bills, for $16,000.  (*Id.*)  Plaintiff denied both of these offers, stating that they were for "far less than the reasonable value of the case," and that Defendant "need[ed] to tender a check for $200,000" to resolve her claim. (*Id.*)

After the CRN expired, Plaintiff sued Defendant in the Circuit Court for the Ninth Judicial Circuit in and for Osceola County on August 5, 2024, seeking underinsured motorist benefits under her policy with Defendant.  (*See* Dkt. 1-1.)  In the state court civil cover sheet attached to Plaintiff's complaint, her attorney estimated that the amount of her claim was "over $100,000."  (Dkt. 1-8 at 1.)  On September 3, 2024, Defendant timely removed the case to this court based on diversity jurisdiction. (Dkt. 1.)

## APPLICABLE STANDARDS

"Federal courts are courts of limited jurisdiction.  While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, "[a d]efendant's right to remove and [a] plaintiff's right to choose his forum are not on equal footing."  *Id.*  Moreover, "because removal jurisdiction raises

significant federalism concerns, federal courts are directed to construe removal statutes strictly.  Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (alteration adopted; quotation omitted).

"The burden of establishing federal jurisdiction falls on the party attempting to remove a case from state court." *Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1362 (M.D. Fla. 1998) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961)).  "The removing party must make 'an affirmative showing . . . of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted.'" *Id.* (quoting *Gaitor*, 287 F.2d at 255).  "If at any time before final judgment the district court issues an order remanding a case to state court because it lacks subject matter jurisdiction, that order is not reviewable." *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007).  "This bar on appellate review of subject-matter-jurisdiction remands applies regardless of whether the jurisdictional defect was present at the time of removal or arose after." *Thomas v. Phoebe Putney Health Sys., Inc.*, 972 F.3d 1195, 1201 (11th Cir. 2020).

## ANALYSIS

Plaintiff does not dispute that the requirement of complete diversity is satisfied. (*See* Dkt. 16 at 1.)[1]  However, Plaintiff contends that Defendant has failed to satisfy its

---

[1] Because Plaintiff did not seek leave to file a reply in this matter, the court need not consider it.  *See* M.D. Fla. R. 3.01(d) (stating that parties may only file a reply as a matter of right to responses to motions for summary judgment or in social security cases).  However, because this matter concerns the court's subject matter jurisdiction, the court will consider Plaintiff's reply.  *See* M.D. Fla. R. 1.01(b)

burden of establishing the amount in controversy.  (*See* Dkts. 13, 16.)  Defendant argues to the contrary that it has adduced sufficient evidence demonstrating that the amount in controversy exceeds $75,000.  (Dkt. 15 at 3.)  The court agrees with Plaintiff.

Here, the complaint is for unspecified damages in excess of $50,000.  (*See* Dkt. 1-1 at 2.)  Accordingly, the court looks to all the relevant documents produced by the parties, rather than solely what was submitted by Defendant along with its notice of removal.  *See Payne v. J.B. Hunt Transp., Inc.*, 154 F. Supp. 3d 1310, 1313 (M.D. Fla. 2016) ("If the amount [in controversy] is unascertainable from the complaint, the court can look to the notice of removal and other 'evidence relevant to the amount in controversy at the time the case was removed,' including evidence submitted in response to the motion to remand." (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001))).

Defendant first cites the injuries Plaintiff alleges she suffered in her complaint. (Dkt. 15 at 8–9.)

> Plaintiff . . . suffered bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, inconvenience, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, injury and damage to her credit and aggravation of a previously existing medical condition.  The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

---

("If reasonably necessary to achieve the purpose of these rules, a judge can temporarily modify or suspend the application of any rule . . . .").

(Dkt. 1-1 at 3.)[2]  However, such allegations are insufficient, absent more, to satisfy the amount in controversy requirement.  *See Williams*, 269 F.3d at 1319–21 (concluding that allegations that the plaintiff tripped on a curb and sustained permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, and experienced a diminished earnings capacity were insufficient, standing alone, to establish the amount in controversy by a preponderance of the evidence); *see also Payne*, 154 F. Supp. 3d at 1313–14 (determining that the plaintiff's allegations that he "suffered severe injuries" that resulted in, among other things, the amputation of his "left hallux," were insufficient on their own to satisfy the amount in controversy, but concluding that the defendant had satisfied this requirement by "also provid[ing] trial verdicts and settlements from cases alleging similar injuries . . . resulting [in] damage awards greater than $75,000").

Defendant also cites Plaintiff's repeated demands for the $200,000 policy limits. (Dkt. 15 at 9–14.)  However, numerous courts in this district "ha[ve] determined that demand letters and CRNs are not sufficient evidence to establish the amount in controversy."  *Houston v. Garrison Prop. & Cas. Ins. Co.*, No. 8:14-cv-01944-EAK-MAP, 2014 WL 6469608, at *3 (M.D. Fla. Nov. 17, 2014).  This is because "it is the value of the claim at issue, not the value of the policy limit, that is considered for purposes of determining the amount in controversy."  *Goodin v. Fid. Nat'l Title Ins. Co.*, No. 3:11-

---

[2] The court's analysis is not altered by the fact that Plaintiff has since filed a notice purporting to voluntarily "withdraw[] her claim for 'loss of earnings, loss of ability to earn money,'" (Dkt. 21), because "[t]he existence of federal jurisdiction is tested at the time of removal."  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008).

CV-149-J-32JRK, 2012 WL 473913, at *3 (M.D. Fla. Feb. 14, 2012).  Moreover, a plaintiff's demand for their policy limit is "not [a] reliable indicator[] of the actual value of their claim" because "[t]he policy limits in the demand letters and CRNs are [the p]laintiff['s] posturing for the purpose of promoting a settlement with [the d]efendant." *Houston*, 2014 WL 6469608, at *3.  This is especially true where, as here, the demand letter and CRN provided by Defendant do not reference any of Plaintiff's injuries or otherwise substantiate the demand for $200,000.  (*See* Dkt. 1-3 at 4; Dkt. 15-1 at 2.)  *Compare Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1271 (S.D. Fla. 2020) (stating that "[a]lthough a CRN may be sufficient evidence to establish an amount in controversy, it is only where the CRN's demand for policy limits is not conclusory in nature" and concluding that the CRN in that case did not satisfy the amount in controversy because it "d[id] not refer to nor detail specific property damage, explain financial estimates for repairs, or provide information that support[ed] invoking the policy limit"), *with Crutchfield v. State Farm Mut. Auto. Ins. Co.*, No. 6:12-cv-1656-Orl-37GJK, 2013 WL 616921, at *2 (M.D. Fla. Feb. 19, 2013) (concluding that a demand letter satisfied the amount in controversy requirement where it "detail[ed], to the penny, [the plaintiff's] medical expenses to date based on invoices and her anticipated future medical expenses, which well exceed[ed] the necessary amount").  Because the demands for the policy limits presented by Defendant here are not "particular[]," but rather make naked requests for Plaintiff's policy limits, the court finds they are more likely "mere puffery and posturing" than an "honest assessment of damages." *Id.*

Defendant also reports that, as of the time of removal, "Plaintiff's known medical expenses were $57,045.16." (Dkt. 15 at 4–5.) However, this figure does not satisfy the jurisdictional minimum—even if the court considers these bills in connection with the other evidence adduced by Defendant. *Houston*, 2014 WL 6469608, at *3 (concluding that the plaintiffs' demand letters detailing $56,255.17 in medical bills, even in conjunction with CRNs demanding the policy limit that exceeded $75,000, were insufficient to satisfy the amount in controversy requirement).

Finally, Defendant offers the civil cover sheet Plaintiff submitted with its complaint to the state court below, which indicates that she estimated the amount of her claim at "over $100,000." (Dkt. 15-2 at 2.) At the outset, the court notes that it is reluctant to place too great an emphasis on this estimate because the cover sheet expressly states that "[t]he estimated amount of the claim is requested for data collection and clerical processing purposes only" and "*shall not be used for any other purpose*." (Dkt. 15-2 at 2 (emphasis added).) Nevertheless, the court acknowledges that "[t]here has been ample discussion about the importance of and how much weight to afford state court civil cover sheets." *Seaman v. Holiday CVS, LLC*, No. 3:22-cv-00076-BJD-PDB (M.D. Fla. July 12, 2022), at 7 n.1. One district court in this circuit recently undertook to review the conflicting decisions on this point, noting that many district courts have "tak[en] the Florida Supreme Court at its word that the amount claimed [on a civil cover sheet] 'shall not be used for any other purpose' beyond the ministerial reasons for which it is collected." *Martinez-Lopez v. Bowden*, No. 3:23-cv-736-TJC-LLL, 2024 WL 1252381, at *2 (M.D. Fla. Mar. 25, 2024) (collecting cases).

While that court determined that a "civil cover sheet does appear to be some evidence of the value a plaintiff places on the claim," it nevertheless concluded that they are insufficient on their own to satisfy the amount in controversy requirement. *Id.* at *3; *see id.* ("[A defendant] must point to some additional evidence which, taken together with the civil cover sheet, establishes the amount in controversy.").

Even if the court were to consider the civil cover sheet as a factor in the analysis, the court finds that it would not satisfy Defendant's burden even in conjunction with the other evidence adduced. *Cf. id.* at *4 (concluding that the defendant satisfied the amount in controversy requirement where it produced a civil cover sheet estimating the amount of the claim to exceed $100,000 *in addition to* a demand letter that "outlin[ed] [the plaintiff]'s treatment and injuries and explain[ed] the basis for the pain and suffering calculation," which was $1,088,576).

In sum, Defendant has not satisfied its burden to provide the court with sufficient evidence to permit the court to make reasonable deductions, inferences, or extrapolations. (*See* Dkt. 15.) *See Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358, 1361 (M.D. Fla. Apr. 1, 2015) (noting that while "a court will permit the use of 'deduction, inference, or other extrapolation of the amount in controversy' . . . these deductions and extrapolations are not without bounds" (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010)). And "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1092; *accord City of Vestavia Hills*, 676 F.3d at 1313. Thus, the court will grant Plaintiff's motion and remand this case.

**CONCLUSION**

Accordingly:

1.  Plaintiff's motion to remand (Dkt. 13) is **GRANTED**.

2.  The Clerk is **DIRECTED** to remand this case to the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, Civil Division, Case Number 2024 CA 002150 AN; to forward a certified copy of this Order to that court; to terminate any motions and deadlines pending in this case; and to close the case file.

ORDERED in Orlando, Florida, on March 20, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record